MHH

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**RECEIVED**

JAN 3 1 2008
JAN 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALLEN BENNETT (A-81422),
    Petitioner,

—vs—

DONALD A. HULICK, WARDEN
and ROGER E. WALKER, DIRECTOR
    Respondents.

Case No. ——————

08CV690
JUDGE LINDBERG
MAGISTRATE JUDGE DENLOW

PETITION FOR WRIT OF HABEAS CORPUS
(State Prisoner)

Petitioner, Allen Bennett, pro se, comes before this Honorable Court requesting relief for violations of his equal protection rights by the respondents relating to the revocation of his good conduct credit, including his procedural due process rights.

In support thereof, Petitioner states the following:

1.) Petitioner is a state prisoner incarcerated into the Illinois Department of Corrections serving a sentence of 16 years for a single charge of Aggravated Possession of a Stolen Motor Vehicle pursuant to the Illinois Complied Statute 625 ILCS 5/4-103.2(A)(3) over $26000.00. (See attached Exhibit A).

2.) This conviction based solely on case no. 00-CR-1581601 in the Circuit Court of Cook County. (Exhibit A)

3.) However, in a previous discharged conviction under 81-CR-07498, Petitioner files a complaint seeking to review this conviction as "actual innocence claim" and for the Court to explore facts that "DNA" testing was available and apart of that discovery by the prosecution in which the Court had ruled that the evidence was not available. (See attached Exhibit B).

- 1 -

4.) On June 6, 2007, the Circuit Court of Cook County ruled the Petition to be frivolous and initiate action to revoke good conduct credit against Petitioner pursuant to 730 ILCS 5l3-6-3(d). (See attached Exhibit C) [1]

5.) On 7-25-07, more than a month and 18 days later a disciplinary report was written by Cynthia L. Gimber charging Petitioner with violations of rule 212-Frivolous Lawsuits that carries a sanction of only good time loss. (See attached Exhibit D and E)

6.) As a result, Petitioner was found guilty and (3) three months of his good conduct credit was revoked from his sentence. (See attached F)

7. Petitioner states that his disciplinary sanctions targets a specific group or class of inmates/prisoners while other classes of inmates are not affected by this disciplinary sanction.

8.) Specifically, there are (4) classes of sentencing prisoners in the same prison setting in the Illinois Prison system. They are as follows:

   a) Prisoners sentenced to serve day for day of their sentence.
   b) Prisoner sentenced to serve 85% of their sentence.
   c) Prisoner sentenced to serve 100% of their sentence.
   b.) Prisoner sentenced to serve indeterminate sentence (Parole Board review - C-numbers)

[1] Judge Sheehan was not the Judge that presided over the original Petition requesting DNA testing. Petitioner filed these Petitions because he did not get a fair review on his DNA testing Petition because appointed counsel had arbitrarily allowed the Court to rule that no DNA was available without the showing that the Prosecution has indicated that DNA was found on their Discovery Answer. Such an act may have been a discovery violation.

-2-

9.) Petitioner is an inmate sentenced for a non-violate offense to serve a day for day good conduct credit to his sentence. Disciplinary sanctions under 212- Frivolous Lawsuit that contains only sanctions of good time loss directly affects his sentence as a prisoner and not equally the same of prisoner in violate classes.

10.) Such an unequal measure gives violate prisoner a domination over non-violent inmates in the same prisoner setting regarding the Petitioning of the Courts, including Disciplinary sanction which does not exist in some classes of sentencing prisoner. [2].

11.) Based upon this, Petitioner rights to equal protection of the laws ~~was violated~~ was violated by the respondents when it used 730 ILCS 513-6-3 (a) to operate to affect his good conduct credit where this same law does not equally affects other prisoners in the same prison setting,

## RELIEF

12.) Petitioner respectfully request relief as follows:
   A.) That the disciplinary sanctions he recieved be void and all good conduct credit be restored.
   B.) That all costs and fees including attorney fees be granted

[2] Prisoner serving 100% of their sentence does not have risk to be discipline under 730 ILCS 513-6-3(a) therefore disciplinary sanctions affects some classes of inmates (non-violate) more than other classes (violate) inmates.

-3-

to him.

C.) Any and such other additional relief deem possible be grant as deem by the Court to be proper and just.

Respectfully submitted

Allen Bennett Petitioner

## AFFIDAVIT OF SERVICE

I, _Allen Bennett_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party (ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Menard_ Correctional Center, _Menard_ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid thereon, on this _24th_ day of _January_, 20_08_.

_Allen Benn_
Signature

## VERIFICATION

I, _Allen Bennett_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents; and

3. **Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.**

_Allen Be_
(Your signature)

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: ~~_____~~ 1-24-08

/s/ _Alle B_____
NAME: _Allen Bennett_
IDOC#: _A-81422_
_Menard_ Correctional Center
P.O. BOX _711_
_Menard_ , IL _62259_

IN THE CIRCUIT COURT OF COOK COUNTY

E OF THE STATE OF ILLINOIS )    CASE NUMBER    00CR1581601
       V.                )    DATE OF BIRTH    12/12/59
    BENNETT       )    DATE OF ARREST    06/13/00
                  IR NUMBER 0474723    SID NUMBER 018389580

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS
===================================

e above named defendant having been adjudged guilty of the offense(s) enumerated belo
y sentenced to the Illinois Department of Corrections as follows:

| Statutory Citation | Offense | Sentence | | Cla |
|---|---|---|---|---|
| 5-5/4-103.2(A)(3) | POSS STOLEN VEHICLE > $25,000 | YRS. 015 | MOS.00 | 1 |

nd said sentence shall run concurrent with count(s) ___ ___ ___ ___

YRS. _____ MOS. _____

said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

YRS. _____ MOS. _____

said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

YRS. _____ MOS. _____

said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

YRS. _____ MOS. _____

said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

nt ___ defendant having been convicted of a class ___ offense is sentenced as
ffender pursuant TO 730 ILCS 5/5-5-3(C)(8).

unt ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

urt finds that the defendant is entitled to receive credit for time actually ser
for a total credit of 854_ days as of the date of this order

FURTHER ORDERED that the above sentence(s) be concurrent with
imposed in case number(s) _____
ive to the sentence imposed under case number(s)

_____ _____ _____ _____

FURTHER ORDERED THAT _____

_____

_____

ER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
into custody and deliver him/her of Corrections and that the Department take
dy and confine him/her in a m above sentence is fulfilled.

OCTOBER 15, 2002

ENTERED
TIME_____ AM PM

OCT 15 2002

ENTER: 10/15/02

Judge Lawrence P. Fox

Y. M PLUMMED FL.

Exhibit A
2 of 2

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

The JUNE, 2000 Grand Jury of the
Circuit Court of Cook County.


The Grand Jurors chosen, selected and sworn, in and for the
County of Cook, in the State of Illinois, in the name and by the
authority of the People of the State of Illinois, upon their oaths
present that on or about JANUARY 24, 2000 at and within the County of
Cook


ALLEN BENNETT


committed the offense of        AGGRAVATED POSSESSION OF A STOLEN MOTOR
                                VEHICLE


in that HE, NOT BEING ENTITLED TO THE POSSESSION OF A MOTOR VEHICLE,

TO WIT: A 1999 HONDA, THE PROPERTY OF AIRWAY IMPORTS DOING BUSINESS AS

AIRWAY HONDA, HAVING A VALUE OF TWENTY FIVE THOUSAND DOLLARS OR

GREATER POSSESSED SAID VEHICLE KNOWING IT TO HAVE BEEN STOLEN OR

CONVERTED,

IN VIOLATION OF CHAPTER 625 ACT 5 SECTION 4-103.2(a)(3)

OF THE ILLINOIS COMPILED STATUTES 1992, AS AMENDED AND,


contrary to the Statue and against the peace and dignity of the same
People of the State of Illinois.

                              Charge ID Code: 5712900

Petitioner's Exhibit



OCT 20 2005

CLERK OF THE CIRCUIT COURT

ATE OF ILLINOIS )
) ss.
NTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PLE OF THE STATE OF ILLINOIS )
)
vs. )                    81-7498
)
N BENNETT )

## ANSWER TO DISCOVERY

Attorney for the Defendant

Now come the PEOPLE OF THE STATE OF ILLINOIS, by their attorney,

ARD M. DALEY, State's Attorney of Cook County, through his assistant,

hael Markovitz, and answer the Motion for Discovery filed by the defendant,

Persons that the People may or may not call as witnesses:

RECEIVED

MAY 0 1 2007

CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

Chicago Police Department
Off. E. Simon #9063
Off. B. Costello #12929
Off. P. Gravante #3925
Off. J. O'Connnor #4944
Off. P. Sullivan #15892
Off. R. McGivney #13173
Off. D. Fietko #14892
Off. Bembynista #15359
Off. Rinchiuso #5317
Off. Spielman
Off. Estrogen
Representatives of St. Anthony's Hospital
Shauna Johnson, 1918 South Christiana, Chicago, Illinois
Mary Edwards, 1918 South Christiana, Chicago, Illinois
Sharon Anderson, 1916 South Spaulding, Chicago, Illinois
A.S.A. Kaiser
Juanita Stewart, 1916 South Spaulding, Chicago, Illinois
MR. Young

Statements of persons that the People may call as witnesses:

See Police Reports, Grand Jury testimony, and/or Preliminary Hearing
testimony, all available or to be available for copying upon receipt and
request.

Statements made by the defendant or co-defendants:

Oral

Date: September 24, 1981

For substance of oral statements and witnesses to statement, see Police
Reports, Grand Jury testimony, and/or Preliminary Hearing testimony.

Written

Date: None known at this time.

Witnesses: None known at this time.



570

Written statements available for copying upon request.

4.  Bill of Particulars:

Date and time of offense:  June 16, 1981 7:20 a.m.

Place of offense:  1908 South Spaulding, Chicago, Illinois

5.  Identification procedures:

See Police Reports, Grand Jury testimony, and/or Preliminary Hearing testimony, all available or to be available for copying upon receipt and request.

6.  Grand Jury testimony and/or Preliminary Hearing testimony:

Transcripts available or to be available for copying upon receipt and request.

7.  Reports of experts and results of their examinations:

Available for copying upon receipt and request.

8.  List of physical evidence that may be used at trial:

Photographs and Provables
Contents of Inventory #847683 including clothing

All physical evidence listed will be made available for inspection as required by the Supreme Court Rules, i.e., at a reasonable time and date upon request.

9.  Criminal convictions of persons that may be called as witnesses by the People or criminal charges pending against such persons:

None known to the People.

10.  Electronic surveillance employed by the government:

None.

11.  Evidence favorable to the defendant:

None known to the People.

12.  Prior criminal convictions of accused:

See B of I.

13.  Process used to seize evidence:

See Police Reports.

RICHARD M. DALEY
State's Attorney of Cook County

By: *Michael Markovitz*

Michael Markovitz
Assistant State's Attorney
2650 South California Avenue
Chicago, Illinois  60608

571



### State of Illinois
### Circuit Court of Cook County
### Criminal Division

Kevin M. Sheehan
Judge

2600 South California Avenue
Courtroom 308
Chicago, Illinois 60608
(773) 869-7434



June 6, 2007

Mr. Allen Bennett, #A81422
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckeyville, IL 62274

Re: People of the State of Illinois v. Allen Bennett
P.C. No. 81 CR 07498

Dear Mr. Bennett:

Enclosed herewith is a copy of the order entered this date dismissing your §2-1401 motion for post-conviction relief and an order assessing filing fees and actual court costs. The Legal Department of the Pinckneyville Correctional Center will receive copies of the order dismissing your petition along with the order assessing fees. Please be advised that the Illinois Department of Corrections shall be notified that your §2-1401 motion was determined to be frivolous, and may initiate action to revoke all or a portion of your good conduct credit pursuant to 730 ILCS 5/3-6-3(d).

In the event you are desirous of appealing from the dismissal order, you have 30 days to file a Notice of Appeal with the Clerk of the Circuit Court of Cook County.

Very truly yours,

Judge Kevin M. Sheehan
Circuit Court of Cook County
Criminal Division

MPT: mwg
enclosures

Exhibit G
( Appeal B )
1 of 9



### State of Illinois
### Circuit Court of Cook County
### Criminal Division

Kevin M. Sheehan
Judge

2600 South California Avenue
Courtroom 308
Chicago, Illinois 60608
(773) 869-7434

June 6, 2007



Director, Legal Department
Pinckneyville Correctional Center
5835 State Route 154
Pinckneyville, IL 62274

Re: People of the State of Illinois v. Allen Bennett
P.C. No. 81 CR 07498

Dear Director:

Enclosed herewith is a copy of the order dismissing Mr. Allen Bennett's §2-1401 motion for post-conviction relief entered on this date. Also enclosed please find a copy of the order assessing filing fees and actual court costs pursuant to 735 ILCS 5/22-105 (West 2004).

Please be advised that inasmuch as the court also determined Mr. Bennett's petition to be frivolous pursuant to 730 ILCS 5/3-6-3(d) (West 2007), this information is being forwarded for your determination as to such further action as may be deemed appropriate.

Should you have any questions or require any additional information, please do not hesitate to contact me at (773) 869- 3166.

Very truly yours,

Judge Kevin M. Sheehan
Circuit Court of Cook County
Criminal Division

MPT: mwg
enclosures

Exhibit C

2 of 5



DOROTHY BROWN
clerk of the circuit court

Criminal Division
2650 S. California, Room 526
Chicago, Illinois 60608
(773) 869-3140
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Date: June 15, 2007

Mr. Glenn Jackson
Chief Record Offices
Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois 62701

RE:  Post Conviction Proceedings/Petition
Cook County Criminal Division Case Number:  81C007498-01

Mr. Jackson:

Pursuant to the attached order, one or more of the following may be applicable and may require your attention:

§ 730 ILCS 5/3-6-3  Rules and Regulations for Early Release
§ 735 ILCS 5/22-105  Frivolous lawsuits filed by prisoners
§ 705 ILCS 105/27.2  [Fees in counties with population between 500,000 and 3,000,000; local governments and school districts over 3,000,000]

Yours truly,
Criminal Division
Post-Conviction Team
773-869-5585





Exhibit C
3 of 4

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff-Respondent | ) |
| | ) |
| v. | ) |
| | ) 81 CR 07498 |
| | ) |
| ALLEN BENNETT, | ) |
| | ) |
| Defendant-Petitioner. | ) |

*ENTERED*
JUDGE KEVIN M. SHEEHAN-1768

JUN 0 6 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

### ORDER

This matter having come on to be heard for assessment of court costs and fees pursuant to 735 ILCS 5/2-1401 (West 2007), the court having dismissed Petitioner's §2-1401 motion for post-conviction relief on this date upon a finding that it was entirely frivolous in that the it lacks an arguable basis in law or in fact.

**IT IS THERFORE ORDERED** that petitioner be assessed the following filing fees and actual court costs in the amount of $105.00; $90.00 for filing a petition to vacate, modify, or reconsider final judgment plus $15.00 in mailing fees, pursuant to 705 ILCS 105/27.2(a) (West 2004). In satisfaction of this assessment, the Illinois Department of Corrections shall collect a first time payment of 50% of the average monthly balance of petitioner's trust fund account for the past six months. Thereafter, 50% of all deposits into petitioner's account shall be withheld until the assessment costs are collected in full.

ENTERED: _____

Honorable Kevin M. Sheehan
Circuit Court of Cook County
Criminal Division

DATED: _6 / 6 / 07_

Exhibt C.

4 of 4

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page __1__ of __1__

☑ Disciplinary Report  __7/25/07__
Date

☐ Investigative Report _____
Date

Committed Person: __ALLEN BENNETT__  No. __A81422__  Facility: __MEN CC__

Observation Date: __7/25/07__  Time: __11:00__  ☐ Location: __MENARD CC__

__CYNTHIA L. GIMBER__  _Cynthia L. Gimber_
PRINT Employee's Name                     Employee's Signature/Date/Time

Offense: 504 B __212__  __FRIVOLOUS LAWSUIT__
          C

Observation: __On the above date and approximate time__
__I received an Order on petition for post__
__conviction relief from the Circuit Court of__
__Cook County where the Court found Inmate__
__Bennett (A81422) petition to be frivolous and__
__patently without merit. This is in violation__
__of 730 - ILCS 5/3.6.3.__

Witnesses, if any: _____

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

_____

_____         _____
PRINT Name                               Shift Supervisor's Signature and Date
                                         (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comment: _____

_____         _____
PRINT Name                               Signature/Date

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit
__Maj Moore__                            _Maj Moore_           7/26/07
PRINT Name                               Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator:
(Adult Division Major Reports Only)    PRINT Name              Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____         Committed Person Refused to Sign ☐
Committed Person's Signature and Number

__Casper  3599__  _____  __7/26/07 Appx 9:30__
PRINT Serving Employee's Name   Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____

Offense Date: _____         _____
                                       Committed Person's Signature and Number

- - - - - (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING) - - - - -

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____.
                                                                                              Date

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

_____
Committed Person's Name and Number

DC 720s (Rev. 4/96)  Distribution: 1) Master File; 2) Committed Person;

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Exhibit D
2 of 2

| | | | | |
|---|---|---|---|---|
| **Name:** BENNETT, ALLEN | | **IDOC Number:** 81422 | | **Race:** BLK |
| **Hearing Date/Time:** 8/6/2007　01:42 PM | | **Living Unit:** MEN-N | | **Orientation Status:** N/A |
| **Incident Number:** 200701670/1 - MEN | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/25/2007 | 200701670/1-MEN | GIMBER, CYNTHIA L | MENARD CORRECTIONAL CENTER | 11:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 212 | Frivolous Lawsuit<br>*Comments: FRIVOLOUS LAWSUIT* | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
INMATE PLED NOT GUILTY TO THE CHARGES.

## BASIS FOR DECISION
BASED ON, REPORTING EMPLOYEE RECEIVED AN ORDER ON PETITION FOR POST CONVICTION RELIEF FROM CIRCUIT COURT OF COOK COUNTY WHERE THE COURT FOUND INMATE BENNETT'S PETITION TO BE FRIVOLOUS AND PATENTLY WITHOUT MERIT.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| Revoke GCC or SGT 6 Months<br>**Basis for Discipline:** NATURE OF OFFENSE | Revoke GCC or SGT 6 Months |

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| MITCHELL, CRAIG S - Chair Person | *[signature]* | 08/06/07 | WHI |
| LEE, TRACY K | *[signature]* | 08/06/07 | BLK |

Recommended Action Approved

**Final Comments:** N/A

---

DONALD A HULICK / AAR　8/9/2007
**Chief Administrative Officer**

*[signature]*　08/09/07

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*[signature]*
**Employee Serving Copy to Committed Person**

8-10-07　10:00 a
**When Served -- Date and Time**

B.  If the Adjustment Committee or Program Unit determines that restitution for damage to property or person is appropriate, it shall ask the committed person to authorize disbursement from his trust fund or from any other account.

   1.  If the committed person agrees to make restitution he shall sign an authorization for disbursement of funds either to the State or to the appropriate individual.

   2.  If the committed person refuses to authorize disbursement of his current funds or future earnings in accordance with the Adjustment Committee's or Program Unit's recommendation, the Adjustment Committee or Program Unit may recommend that a hold be placed on his account for such amount, and may further recommend that his commissary privileges and/or State pay be suspended in whole or in part for a definite period of time. However, the committed person shall be permitted to retain a sufficient amount of funds to purchase basic personal hygiene items if such items are not provided by the facility.

C.  The Adjustment Committee or Program Unit may consider the committed person's willingness to make restitution in imposing any other disciplinary sanctions.

D.  A committed person shall not be subjected to greater punishment because he is without funds and therefore unable to make restitution.

E.  In the event a committed person is released prior to full payment of restitution, arrangements shall be made for payment of the balance of the authorized restitution. If the committed person did not authorize restitution, all or a portion of the grant money provided for in 20 Ill. Adm. Code 502.320 may be suspended.

## TABLE A.  OFFENSES AND MAXIMUM PENALTIES -- ADULT DIVISION:

| OFFENSE | Loss of Privileges | B or C Grade | Good Time Revocation | Segregation |
|---|---|---|---|---|
| 100. VIOLENT ASSAULT OF ANY PERSON | 1 year | 1 year | 1 year | Indeterminate |

Definition: Causing a person or an object to come into contact with another person in a deadly manner or in a manner which results in or is likely to result in serious bodily injury.

| | | | | |
|---|---|---|---|---|
| 101. ARSON | 1 year | 1 year | 1 year | 1 year |

Definition: Setting fire in any location whether public or private, including but not limited to any part of the institution, its grounds or State vehicles.

| | | | | |
|---|---|---|---|---|
| 102. ASSAULTING ANY PERSON | 1 year | 1 year | 1 year | 1 year |

Definition: Causing a person or an object to come into contact with another person in an offensive, provocative, or injurious manner or fighting with a weapon.

| | | | | |
|---|---|---|---|---|
| 103. BRIBERY & EXTORTION | 1 year | 1 year | 1 year | 1 year |

Definition: Demanding or receiving anything of value in exchange for protection, to avoid bodily injury, or through duress or pressure. Giving or receiving money or anything of value to violate State or federal law or to commit any act prohibited under this regulation.

| | | | | |
|---|---|---|---|---|
| 104. DANGEROUS CONTRABAND | 1 year | 1 year | 1 year | 1 year |

Definition: Possessing, manufacturing, introducing, selling, supplying to others, or using without authorization any explosive, acid, caustic material for incendiary devices, ammunition, dangerous chemical, escape material, knife, sharpened instrument, gun, firearm, razor, glass, bludgeon, brass knuckles, cutting tools, tools which may be used to defeat security measures such as hacksaw blades, keys, and lock picks,

any other dangerous or deadly weapon or substance of like character, or any object or instrument which is made to appear to be or could be used as a deadly or dangerous weapon or substance.

| 105. | DANGEROUS DISTURBANCES | 1 year | 1 year | 1 year | 1 year |

Definition: Causing, directing, or participating in any action which may seriously disrupt or endanger the institution, persons, or property, including the taking or holding of hostages by force or threat of force. Engaging in prohibitive group activities such as work stoppage or hunger strike.

| 106. | ESCAPE | 1 year | 1 year | 1 year | 1 year |

Definition: Leaving or failing to return to lawful custody without authorization, including the failure to return from furlough within two hours of the designated time.

| 107. | SEXUAL MISCONDUCT | 1 year | 1 year | 1 year | 1 year |

Definition: Engaging in sexual intercourse, sexual conduct, or gesturing, fondling, or touching done to sexually arouse, intimidate, or harass either or both persons; or engaging in any of these activities with an animal.

| 108. | SEXUAL ASSAULT | 1 year | 1 year | 1 year | Indeterm. |

Definition: Causing unwilling contact between the sex organ of one person and the sex organ, mouth, or anus of another person or any intrusion of any part of the body of one person or object into the sex organ or anus of another person by use of force or threat of force, including pressure, threats, or any other actions or communications by one or more persons to force another person to engage in a partial or complete sexual act.

| 109. | ELECTRONIC CONTRABAND | 1 year | 1 year | 1 year | 1 year |

Definition: Possessing, selling, receiving, supplying to others, or using without authorization any electronic device, video recording device, computer, or cellular communications equipment, including but not limited to cellular telephones, cellular telephone batteries, pagers, computers, and computer peripheral equipment.

| 110. | IMPEDING OR INTERFERING WITH AN INVESTIGATION | 1 year | 1 year | 1 year | 1 year |

Definition:  Obstructing, impeding, or refusing to provide information relevant to an investigation.

| 201 | CONCEALMENT OF IDENTITY | 6 months | 6 months | 6 months | 6 months |

Definition: Wearing a disguise or a mask, impersonating another, or otherwise concealing one's identity.

| 202. | DAMAGE OR MISUSE OF PROPERTY | 6 months | 6 months | 6 months | 6 months |

Definition: Destroying, damaging, removing, altering, tampering with, or otherwise misusing property belonging to the State, another person, or entity, including the obstruction of locks or security devices, destroying or tampering with bar codes or identification cards, or the use of another person's identification card.

| 203. | DRUGS AND DRUG PARAPHERNALIA | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing, manufacturing, introducing, selling, supplying to others, or receiving alcohol, any intoxicant, inhalant, narcotic, syringe, needle, controlled substance, or marijuana; or being under the influence of any of the above substances; or refusing to be tested for drug or alcohol use, including failure

to provide a specimen within two hours after the request; or destroying or tampering with drug or alcohol tests or testing equipment. This offense includes medication misuse, for example, the possession or use of unauthorized amounts of prescribed medication, or selling or supplying prescribed medication to others.

| 204. | **FORGERY** | 4 months | 4 months | 4 months | 4 months |

Definition: Forging, counterfeiting or reproducing without authorization any document, article of identification, money, security or official paper.

| 205. | **GANG OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY** | 1 year | 1 year | 1 year | 1 year |

Definition: Engaging, pressuring, or authorizing others to engage in gang or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing, or using gang or unauthorized organizational insignia or materials; or giving gang or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization which has not been approved pursuant to 20 Ill. Adm. Code 445 or 450.

| 206. | **INTIMIDATION OR THREATS** | 6 months | 6 months | 6 months | 6 months |

Definition: Expressing by words, actions or other behavior and intent to injure any person or property which creates the reasonable belief that physical, monetary, or economic harm to that person or to another will result.

| 207. | **POSSESSION OF MONEY** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or causing to be brought into the institution, any coin, currency, or other negotiable instrument.

| 208. | **DANGEROUS COMMUNICATIONS** | 6 months | 6 months | 6 months | 6 months |

Definition: Engaging in verbal or written communication that is likely to encourage violence against persons or that is likely to disrupt or endanger the safety and security of the facility, including but not limited to escape plans and manufacture of weapons.

| 209. | **DANGEROUS WRITTEN MATERIAL** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or causing to be brought into the facility written material which presents a serious threat to the safety and security of persons or the facility, including but limited to written material relating to methods of escape and the manufacture of weapons.

| 210. | **IMPAIRMENT OF SURVEILLANCE** | 6 months | 6 months | 6 months | 6 months |

Definition: Using curtains, cell coverings, or any other matter or object in a manner that obstructs or otherwise impairs the line of vision into a committed person's cell or which obstructs or otherwise impairs any viewing panel or surveillance equipment, both audio and visual, within the facility.

| 211. | **POSSESSION OR SOLICITATION OF UNAUTHORIZED PERSONAL INFORMATION** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or soliciting unauthorized personal information regarding another offender, releasee, employee, or former employee, including, but not limited to, personnel files, master files, medical or mental health records, photographs, social security numbers, home addresses, financial information, or telephone numbers except as authorized by a court order or as approved in writing by the Chief Administrative Officer.

Exhibit E

**262. FRIVOLOUS LAWSUIT**    0     0     6 months     0

Definition: A pleading, motion, or other paper filed by the offender for which the court, in Accordance with 730 ILCS 5/3-6-3, has found to be frivolous.

**213. FAILURE TO REVEAL**    6 months    6 months    6 months    6 months

Definition: For adult offenders and juvenile offenders tried as adults, failing to fully cooperate in revealing financial assets on the form provided, including tangible and intangible property and real and personal property; providing false or inaccurate information regarding financial assets or dependants on the forms provided; or refusing to cooperate in revealing financial assets on the form provided.

**301. FIGHTING**    1 month    1 month    1 month    1 month

Definition: Fighting with another person, which is not likely to cause serious bodily injury to one or the other and which does not involve the use of a weapon.

**302. GAMBLING**    2 months    2 months    1 month    1 month

Definition: Operating or playing a game of chance or skill for anything of value, making a bet upon the outcome of any event, or possessing any gambling device. This shall include participating in any lottery.

**303. GIVING FALSE INFORMATION TO AN EMPLOYEE**    3 months    3 months    3 months    3 months

Definition: Lying or knowingly providing false information to an employee.

**304. INSOLENCE**    3 months    3 months    1 month    1 month

Definition: Talking, touching, gesturing, or other behavior which harasses, annoys, or shows disrespect.

**305. THEFT**    6 months    6 months    3 months    3 months

Definition: Taking property belonging to another person or entity or the institution without the owner's authorization.

**306. TRANSFER OF FUNDS**    3 months    3 months    3 months    3 months

Definition: Causing money to be transferred from one trust fund to another or through an outside source to the account of another committed person or entering into contracts or credit agreements without approval from the Chief Administrative Officer.

**307. UNAUTHORIZED MOVEMENT**    2 months    2 months    2 months    2 months

Definition: Being anywhere without authorization, or being absent from where required to be.

**308. CONTRABAND/ UNAUTHORIZED PROPERTY**    3 months    3 months    3 months    3 months

Definition: Possessing, giving, loaning, receiving or using property which a committed person has no authorization to have or to receive and which was not issued to him through regular procedures, including the unauthorized possession of food or clothing or the possession of property in excess of that which is authorized by the institution; or property which has been altered from its original state.

**309. PETITIONS, POSTINGS, AND BUSINESS VENTURES**    6 months    6 months    3 months    3 months

Definition: Writing, signing, or circulating a petition without authorization; unauthorized distributing or

*Exhibit H*

30

N-82-02

## SENTENCE CALCULATION WORK SHEET

### Revocation of Good Conduct Credits
### When Sentence Is Determinate Under 1978 Law

Name _Allen Bennett_    Number _A81422_    Date _2/17/07_

**STEP 1**

| Year | Month | Day |
|------|-------|-----|
|      | 3     |     |

(Good Conduct Credits Revoked From Sentence By Director On _10/26/07_ )

_Reduced from 6 mos._

**STEP 2**    (Mittimus Number _00CR1581601_ )

Projected Out Date

| | Year | Month | Day | |
|---|------|-------|-----|---|
| + | 2000 | 6 | 1 | (Custody Date) |
|   | 7 | 6 |   | (Sentence Less G.C.C.) |
|   | 2007 | 12 | 1 | (Projected Out Date or PRB Projected Out Date) |
| + or - |   | 6 |   | (Previous Time - Lost/Awarded) |
|   | 2008 | 6 | 1 | (Projected Out Date) |
| + |   | 3 |   | (Present Revocation) |
| = | 2008 | 9 | 1 | (Adjusted Projected Out Date) |

Adjusted Projected Out Date _9-1-08_    Terminal Operator _____

Calculated By _jmh_    Date Entered _____

DC 1328 (Rev. 9/88)
IL426-0082B

Exhibit F

IN THE
United States District Court
Northern District of Illinois

Allen Bennett (A-21422)          )
Plaintiff,                       )
                                 )
                v.               )    Case No. _____
                                 )
Warden Donald A. Hulick          )
Defendant                        )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk                        TO: _____
    U.S. District Court              _____
    219 South Dearborn St            _____
    Chicago, Ill. 60604              _____

TO: _____              TO: _____
    _____                  _____
    _____                  _____
    _____                  _____

PLEASE TAKE NOTICE that on __January 24__, 20_08_ I have placed the documents listed below in the institutional mail at __Menard__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: __Petition for Writ of Habeas Corpus__
__(State Prisoner)__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: __1-24-08__

/s/ __Allen B.__
NAME: __Allen Bennett__
IDOC#: __A-21422__
__Menard__ Correctional Center
P.O. BOX __711__
__Menard__, IL __62259__

Revised July 2004