# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 690 | **DATE** | February 5, 2008 |
| **CASE TITLE** | Bennett vs. Hulick, *et al.* | | |

**DOCKET ENTRY TEXT:**

Petitioner Bennett's Petition for Writ of Habeas Corpus [1] and all pending motions and petitions are transferred to the United States District Court for the Southern District of Illinois for preliminary consideration pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The case is terminated on this Court's docket.

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Petitioner Allen Bennett, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner does not challenge his underlying state court conviction for possession of a stolen vehicle; rather, he contests the revocation of good conduct credits for filing a frivolous lawsuit.

The adjustment committee proceedings resulting in Petitioner's disciplinary conviction took place at the Menard Correctional Center (Randolph County), where the petitioner is currently confined. Randolph County lies within the Southern District of Illinois federal judicial district. *See* 28 U.S.C. § 93(c). Under 28 U.S.C. § 2241(d), a state prisoner is authorized to file a petition for a writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. In both cases, the Southern District of Illinois is the appropriate forum for this action.

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 2241(d), transfers this action to the United States District Court for the Southern District of Illinois. Without making any formal findings, the Court adds that Petitioner does not appear to have exhausted state court remedies prior to seeking federal habeas relief in connection with the challenged disciplinary conviction.

mjm